The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.




Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| | CASE NO. 11-63563 |
| JENNIFER L. NEY DO INC., | JUDGE RUSS KENDIG |
| Debtor. | |
| | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |

Now before the court is Debtor's Objection to Patient Care Ombudsman.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

On November 14, 2011, the court entered a Notice of Deadline to Object to Appointment of Patient Care Ombudsman pursuant to 11 U.S.C. § 333 and established a deadline of December 1, 2011 for any party to object to such appointment. On November 15, 2011, Debtor filed an Objection to Patient Care Ombudsman.

In the Objection, Debtor argues that the appointment of a patient care ombudsman would serve no purpose because the Debtor, as a corporation, had closed its business. Further, Debtor stated that its principal obtained other employment, its equipment has been liquidated, and its business premises is in foreclosure.

## LAW AND ANALYSIS

11 U.S.C. § 333(a) provides in pertinent part,

> [i]f the debtor in a case under chapter 7, 9, or 11 is a health care business, the court shall order ... the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case.

To determine whether a patient care ombudsman is necessary under the specific facts of a case, courts examine nine non-exclusive factors:

> 1) the cause of the bankruptcy; 2) presence and role of licensing or supervising entities; 3) debtors past history of patient care; 4) the ability of the patients to protect their rights; 5) level of dependency of the patients on the facility; 6) likelihood of tension between the interests of the patients and the debtor; 7) potential injury to the patients if the debtor drastically reduced its level of patient care; 8) presence and sufficiency of internal safeguards to ensure appropriate level of care; and 9) impact of the cost of an ombudsman on the likelihood of a successful reorganization.

In re Bamberg County Mem'l Hosp., No. 11-03877-jw, 2011 Bankr. LEXIS 3264, at 6-8 (Bankr. D.S.C. July 19, 2011) (citing In re Valley Health Sys., 381 B.R. 756, 762 (Bankr. C.D. Cal. 2008); In re Alternate Family Care, 377 B.R. 754, 758 (Bankr. S.D. Fla. 2007)).

The court considered the nine factors with respect to the facts of the instant case and finds that the facts weigh against the appointment of a patient care ombudsman. First and foremost, Debtor has closed its business and is no longer providing any health care services to any patients. Thus, the majority of the factors, specifically those addressing the level of care to patients and future operations of Debtor, are simply irrelevant because there is no patient dependency on Debtor's operations any longer. Further, there has been no indication to the court that the bankruptcy was caused by any patient issues that would require the appointment of an ombudsman to protect former patients' interests. Finally, the cost of a patient care ombudsman would unnecessarily burden Debtor's estate and simultaneously provide little or no benefit to Debtor's former patients.

Based on the foregoing, this court finds that it is unnecessary to appoint a patient care ombudsman under the specific facts and circumstances of this case.

## CONCLUSION

Accordingly, the court will not appoint a patient care ombudsman pursuant to 11 U.S.C. § 333 at this time. On motion of any party in interest, the court may order the appointment of a patient care ombudsman at any time during the pendency of this case should the court find a change in circumstances that necessitates an ombudsman to protect the interests of patients. The court will enter a separate order contemporaneously with this Memorandum.

#   #   #

**Service List:**

Jennifer L Ney D.O. Inc, a Corporation
c/o Jennifer L. Ney D.O.
722 Hawthorn Dr
Dover, OH 44622

Edwin H Breyfogle
108 Third St NE
Massillon, OH 44646

Michael V Demczyk
PO Box 867
12370 Cleveland Ave NW
Uniontown, OH 44685